IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2077-D

| | | |
|---|---|---|
| THOMAS SHANE MATHERLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

Thomas Shane Matherly ("Matherly" or "petitioner") proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On March 7, 2014, the court conducted its preliminary review under 28 U.S.C. § 2243 and allowed the petition to proceed [D.E. 4]. That same day, the clerk served respondent with the petition [D.E. 5].

On March 27, 2014, respondent filed a motion to dismiss, or in the alternative, for summary judgment [D.E. 6], along with the declaration of Cornelia Coll ("Coll"), a paralegal specialist at the Federal Correctional Complex in Butner, North Carolina [D.E. 8], and several exhibits. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Matherly about the motion, the consequences of failing to respond, and the response deadline [D.E. 9]. On April 14, 2014, Matherly responded in opposition with several exhibits [D.E. 10] and requested oral argument [D.E. 11]. As explained below, the court grants respondent's motion for summary judgment and denies petitioner's request for oral argument.

I.

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c)(2); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

"Under 28 U.S.C. § 2241, federal district courts are granted broad authority, 'within their respective jurisdictions,' . . . to hear applications for writs of habeas corpus filed by persons claiming to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010); see Zadvydas v. Davis, 533 U.S. 678, 688 (2001). In order to obtain relief, Matherly must show that he "in custody in violation of the

2

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975).

On October 31, 2003, in accordance with Matherly's guilty plea to possession of child pornography, the United States District Court for the Eastern District of Virginia sentenced Matherly to 41 months' imprisonment. Coll. Decl. ¶ 4 & Att. [D.E. 8-1] 3–4 (BOP inmate data sheet); see Order at 4, United States v. Matherly, No. 5:06-HC-2205-BR (E.D.N.C. May 3, 2012), [D.E. 133]. On November 6, 2003, Matherly was sentenced to a consecutive term of imprisonment of six months for violating supervised release. Id. Upon his admission to federal custody, the BOP calculated Matherly's sentences and projected a statutory release date of November 22, 2006. Coll Decl. ¶ 4 & Att. 5.

On November 22, 2006, at 9:20 a.m., the BOP released Matherly from custody. Pet'r Resp. Opp'n Mot. Summ. J. Att. A [D.E. 10-1] 2. Forty-eight minutes later, at 10:08 a.m., an Assistant United States Attorney for the Eastern District of North Carolina commenced civil commitment proceedings against Matherly by filing a Certification of a Sexually Dangerous Person pursuant to 18 U.S.C. § 4248(a). Id. Att. G [D.E. 10-1] 15; see Certificate, Matherly, No. 5:06-HC-2205-BR (E.D.N.C. November 22, 2006), [D.E. 1].

On May 3, 2012, the court civilly committed Matherly to the custody of the Attorney General pursuant to 18 U.S.C. § 4248(d). See Order, Matherly, No. 5:06-HC-2205-BR (E.D.N.C. May 3, 2012), [D.E. 133], aff'd, 514 F. App'x 287 (4th Cir. 2013) (per curiam) (unpublished). Matherly now asserts four grounds for relief: 1) the Bureau of Prisons ("BOP") did not have legal custody over him when the government filed the section 4248 certificate because his sentence had expired; 2) nothing in section 4248 explicitly authorizes its application to persons incarcerated before its effective date; 3) "the BOP failed to conduct a full and complete psychological evaluation" of

3

Matherly before his civil commitment hearing, in violation of his due process rights; and 4) "the BOP has abused its discretion by using a vague definition of sexually violent conduct."[1] Pet. 2–4.

The court first addresses Matherly's claim that Congress has not authorized applying section 4248 to persons convicted before the statute's effective date. This claim fails. See, e.g., Seling v. Young, 531 U.S. 250, 254–55, 267 (2001); Kansas v. Hendricks, 521 U.S. 346, 370–71 (1997); United States v. Wetmore, 766 F. Supp. 2d 319, 337 (D. Mass. 2011), aff'd, 700 F.3d 570 (1st Cir. 2012), cert. denied, 133 S. Ct. 1652 (2013). As for the cases Matherly cites in opposition, they are distinguishable. Thus, the court grants summary judgment to respondent on this claim.

Next, the court addresses Matherly's claim that he was "deprived . . . of due process in that full and complete testimony was not offered to the trier of fact in his civil commitment hearing[]" because "the government failed to provide [Matherly] with a full and complete physical and psychological evaluation prior to his civil commitment hearing" and did not perform any tests. Pet. 4. "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). However, "a civil commitment proceeding can in no sense be equated to a criminal prosecution." Id. at 428; see Hendricks, 521 U.S. at 361–62; United States v. Timms, 664 F.3d 436, 456 (4th Cir.), cert. denied, 133 S. Ct. 189 (2012). In the context of an involuntary civil commitment, due process requires "notice . . . to afford the prisoner an opportunity to challenge the contemplated action and to understand the nature of what is happening to him," a hearing with a "limit[ed] . . . right to call witnesses, to confront and cross examine[,]" and the appointment of counsel. Vitek v. Jones, 445

---

[1] Matherly abandoned his vagueness challenge at summary judgment, see Pet'r's Resp. Opp'n Mot. Summ. J. 3, and the court does not address the claim further. In any event, the claim fails. United States v. Carta, 592 F.3d 34, 43 (1st Cir. 2010); United States v. Timms, 799 F. Supp. 2d 582, 589 (E.D.N.C. 2011), rev'd in part on other grounds, 664 F.3d 436 (4th Cir. 2012).

4

U.S. 480, 496–97 (1980); accord Timms, 664 F.3d at 450. However, "[t]here is no requirement, statutory or otherwise, requiring an evaluator to conduct an evaluation pursuant to 18 U.S.C. §§ 4247 and 4248 face to face. Further, petitioner was free to raise this issue during [his] § 4248 hearing and on appeal." Barrett v. Andrews, No. 5:12-HC-2171-FL, 2013 WL 6330643, at *4 (E.D.N.C. Dec. 5, 2013) (unpublished). Thus, Matherly's claim fails.

Alternatively, the record in Matherly's commitment proceeding belies this claim. The district court thoroughly analyzed the forensic evidence, noting the "significant disagreement among the experts regarding Matherly's exact diagnosis." Order at 7–13, Matherly, No. 5:06-HC-2205-BR (E.D.N.C. May 3, 2012), [D.E. 133]. Indeed, the district court heard testimony from four retained expert witnesses and two BOP psychologists, and rejected one diagnosis based on disagreement between two experts offered by the government. Id. In all, the district court considered an evidentiary record which included approximately 129 pages of forensic expert reports and supplements, and vigorous cross-examination of the government's witnesses by Matherly's counsel. See, e.g., id. [D.E. 63, 94, 99, 102, 141–42]. Thus, the court grants summary judgment to respondent on this claim.

Finally, the court rejects Matherly's claim that the government lacked jurisdiction to file a certificate seeking his commitment on the final day of his criminal sentence. See United States v. Wetmore, 700 F.3d 570, 575 (1st Cir. 2012); cf. Hubbart v. Knapp, 379 F.3d 773, 779–81 (9th Cir. 2004). Thus, the court grants summary judgment to respondent on this claim.

II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 6], DENIES petitioner's request for oral argument [D.E. 11], and DISMISSES petitioner's application for a writ

5

of habeas corpus as moot. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 7 day of November 2014.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge